# IN GENERAL TERM, 1874.

JAMES B. McFADDEN v. DAVID S. BENSON, Appellant.

WITNESS—*opinion of, as evidence*—
DEPOSITIONS—*notice to take*—
CONTINUANCE—*affidavit for*.

Upon an examination of a witness as to the probable age of a defendant at
a former trial, an opinion formed from the physical appearance of the
defendant, whether at the time in question he was over, or under twenty-
one years of age, is admissible as evidence. The facts stated by the wit-
ness, and the opinion formed by him on those facts, are proper mat-
ters to be considered, and their effect upon the question at *issue* is for
the Court to determine.

A motion for continuance, supported by an affidavit fulfilling in all formal
parts the statutory requirement, is yet insufficient where it fails in other
essentials, as in a notice to a distant notary to take depositions, it should
show that interrogatories were sent to be propounded to witnesses, or
that some other steps had been taken for directing the examination of
witnesses to the subject matter in issue, and that he had provided for
the fees of the officer before whom they were to be taken, and the offi-
cers serving process, else show that he expected their services without
compensation. The affidavit should also show proper diligence as to
time.

*D. V. Burns*, for appellant.
*B. F. Davis*, for appellee.

NEWCOMB, J.—This suit was commenced before a Justice
of the Peace, on a prommissory note made by Benson and
payable to McFadden. No special answers were filed. On
appeal to the Superior Court, the cause was tried upon the

complaint filed before the justice.   At the trial the defendant undertook to prove that he was under twenty-one years of age when he executed the note, and evidence was introduced by the plaintiff, tending to prove that the defendant was over that age at that time.

The plaintiff also introduced evidence tending to show a ratification, and partial payment of the note by defendant some years after the latter confessedly became of legal age. The evidence as to the defendant's age when he signed the note, and of his subsequent ratification was conflicting, but there was evidence on both points sufficient to justify the finding of the Court against the defendant; consequently we need not discuss the weight of the conflicting evidence, as that was a question properly belonging to the Judge who tried the cause, and is not subject to review on appeal. Three questions are presented in the record; two relative to the admission of certain testimony, the other on the refusal of the Court to grant the defendant a continuance.   The plaintiff assisted in the defense of the defendant on the trial of the latter for a homicide, the character of which is not disclosed in the evidence, in the Shelby Circuit Court, in the year 1861, and the note in suit was given for plaintiff's fee as an attorney in that case.   The defendant was convicted and sentenced to the State prison, but was pardoned by the Governor before the sentence could be carried into effect.

On the trial of the present cause, Hon. Thomas A. Hendricks was a witness on behalf the plaintiff, and testified that he defended Benson on the trial, for homicide, and said: " His appearance then was about the same as now, except that his face was fuller.   He had a heavy beard at that time. *   *   *   * My recollection is that he was a mature, well developed man."   The witness was then asked this question by the plaintiff: " What, in your opinion, from what you knew of him, and from what you have stated, was the age of the

defendant at the time of said trial?" To this question defendant's attorney objected, on the ground that it was incompetent, and that the witness had not stated facts sufficient to base an opinion upon. This objection was overruled, and the defendant excepted. The witness answered : " I should judge he was 23 or 24 years of age." The question was propounded to several other witnesses, who knew the defendant at the time of the criminal trial, and they answered substantially the same as Governor Hendricks had, except that some of them judged his age at that time to have been from 24 to 28 years of age. In our judgment there was no error in the admission of this evidence. It was competent for the witness to form an opinion, from the physical appearance of the defendant, whether at the time in question, he was over or under twenty-one years of age. They had testified that he was a full grown, and apparently mature man, with a heavy beard, as heavy as at the time of the trial, when, according to his own statement on the witness stand, he was at least thirty-one years of age.

The facts stated, and the *opinions of the witnesses* based thereon, were proper matters to be considered ; their effect on the question at issue was for the court to determine. *The State* v. *Kalb*, 14 *Ind.*, 404.

The Court, over the defendant's objection, permitted the plaintiff to prove that on the trial of the criminal prosecution no evidence was offered by the defendant, nor any appeal made to the jury to mitigate the punishment, in case they found him guilty, on the ground that he was under twenty-one years of age at the time of the alleged commission of the offense charged. A statute then, and now in force, contains this provision : " Whenever any person, under the age of twenty-one years, shall be convicted of any crime, the punishment for which is confinement in the State's prison, the jury may substitute imprisonment in the county jail for

any determinate period." 2 G. & H., 504. This statute gives juries great latitude in fixing the punishment of a minor convicted of crime, both in the nature, and extent of the punishment; and it would seem incredible that the defendant, and the able counsel who defended him, should fail to avail themselves of a fact so important as his minority, if such were the fact. At all events, we think it was a circumstance proper for the Court to consider in this case, in determining the weight due to the defendant's testimony that he was at that time under twenty-one years of age. On the day this cause was tried, September 25th, 1873, and immediately before the trial, the defendant filed his affidavit, and motion for a continuance, which motion was overruled. The affidavit stated that the principal defense upon which the defendant would rely was the fact that he was a minor when he executed the note in suit; that he could prove that fact by his father, and mother who resided in the city of New York; that on the 5th day of September, 1873, he served on plaintiff's attorney a notice to take their depositions at the office of a certain notary public in that city, giving the number, and street; that on September 13th, at the instance of defendant's attorney, the time named in the notice was extended to September 19th, which the parties then thought would give ample time for the depositions to arrive by the 25th, the day set for the trial; that said notice was sent on the 13th to said notary, in ample time for him to summon said witnesses before him on the 19th, but for some reason, wholly unknown to affiant, the depositions have failed to arrive; that he believed said depositions would arrive in a very few days; and that he would have given said notice earlier, but for the fact that he had been expecting his father, and mother to visit him, and thought they would have been here during that term of the Court, when they could be orally examined, &c.

McFadden v, Benson.

The formal parts of the affidavit fulfilled the statutory requirements.

There are two good reasons why the application for a continuance was properly overruled. It is not enough that a party sends a notice to a distant notary to take depositions on his behalf. He should show that he sent interrogatories to be propounded to the witnesses, or that some other steps had been taken for directing the examinations of the witnesses to the subject matter in which their testimony was desired; and that he had provided for the fees of the officer before whom the depositions were to be taken, and of the officer serving the necessary subpœna. The defendant did not show that he had any reason to expect the officers to to render their services without compensation, nor that he had made any provision to pay them.

The affidavit also fails to show proper diligence as to time, and the remainder of the record makes the case much worse in that respect than the affidavit. There had been one trial of the cause in the Superior Court, in June, 1873, and a finding against the defendant. A new trial was granted him on his affidavit, that he was surprised by the evidence of plaintiff's witnesses, and that he could prove by his father and mother, then residing in the city of New York, that he was born September 16, 1841, and that if a new trial were granted him, he would procure their testimony by the next term of the Court. This affidavit was filed June 24. A new trial was granted on the 28th, and the next term of the Court began on the first Monday of September. The bill of exceptions shows that on the second day of September the case was set down for trial on the 11th; that afterwards, at the request of defendant's attorney, the time was extended to the 22d, and again on his application it was extended to the 25th of September. The only excuse given for this long delay in taking depositions was, that the defendant expected the wit-

nesses to be present at the trial.    That this expectation was disappointed, was his misfortune, but it furnishes no reason for giving him further time to remedy the consequences of his neglect.

The judgment is affirmed, with costs.